Succession of Nesbit

## No. 1013.

## No. 868.

### SUCCESSION OF WILLIAM NESBIT.. OPPOSITION OF BAIRD.

Where one sues another as administrator, praying that he be held accountable for misfeasance or mal-feasance, he cannot at the same time deny the administrator's capacity, and ask that his qualification be declared null.

A petitory action for land, sold by the administrator, should not be cumulated with the mortuary proceedings.

Succession of Nesbit.

The commissions of an administrator are to be computed upon the realized assets, and not upon the sum total of an inventory which includes property that never came into his hands.

APPEAL from the Parish Court of Caddo.    CRESWELL, J.

*Land & Taylor* for the Administrator.    *Hicks & Hicks* for Opponents.

So much of the opinion as recites details is omitted.    After disposing of them,

MANNING, C. J.    It is also pleaded by the opponent that White has never been administrator because he never gave bond.

The name of White and of another is signed to a printed form of bond.    Not a blank of it is filled.    It is without date, amount, condition, or name of suit.    On the back is written the name and number of the suit.    It is more than probable that his extraordinary negligence of those whose duty is to prepare bonds, or to accept them, of which we have had many instances before us this year, will continue until some grave and startling injury is done by it.    But this opponent is asking us to hold White accountable as administrator for various alleged acts of mal or misfeasance, and at the same moment to pronounce the nullity of his qualification as such administrator.

He has sued him as administrator, and for the present, at least, and in this mortuary proceeding, we must decline to consider that feature of his plea.

There appears in this record a petitory action for the land, coupled with a prayer for the annulment of its sale, which sale had been provoked by the administrator, and adjudicated to Mr. Cash, who is also made a party to that suit.

It should not have been filed in this case, and the administrator and purchaser properly treated it as a separate suit.    They excepted to the jurisdiction of the Parish Court, the value of the land being over five hundred dollars.    The exception was maintained and the suit dismissed, and we think properly.

The evidence does not support the charge of malfeasance on the part of White.

When he became administrator, the succession had nothing but

the land and twenty dollars worth of movables. The item of $5,085 was not realized, and could not be by a suit for a moneyed judgment. The whole of it was in the hands of lawyers who had collected it, and who have not paid it over, and are insolvent.

The intestate and his mother had both died of a disease, and under circumstances, which probably increased the expenses of their illness and interment.

We find $225 of charges which had to be met, and in common decency, ought to be met at once, for they were for the funeral expenses of the son and his mother, and there were taxes due. There was no money. None could be got out of those who had collected it for the late tutor. There was nothing to do but sell the land. There was no other means of getting money.

The item of administrator's commissions as charged cannot be allowed. They are calculated upon the basis of the whole inventory, including the sum of $5,088, which was never realized, and could not be. They will be allowed on the basis of the realized assets, and are reduced to $46.72.

*Judgment amended accordingly.*